Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8605 | DATE | September 15, 2003 |
| CASE TITLE | Fidelity & Guaranty Life v. Debra Payne | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for judgment on the pleadings [6-1] is granted. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | number of notices |
| | No notices required. | SEP 16 2003 date docketed |
| X | Notices MAILED by judge's staff. | docketing deputy initials |
| | Notified counsel by telephone. | date mailed notice |
| | Docketing to mail notices. | KAM mailing deputy initials |
| | Mail AO 450 form. | |
| | Copy to ______ | |

KAM courtroom deputy's initials

U.S. DISTRICT COURT CLERK

03 SEP 15 PM 4:18

FILED FOR DOCKETING

Date/time received in central Clerk's Office

Document Number 14

(Reserved for use by the Court)

02-8605.031-JCD

September 10, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02 C 8605 |
| DEBRA PAYNE, | ) | |
| Defendant. | ) | |

DOCKETED
SEP 16 2003

**MEMORANDUM OPINION**

Before the court is plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is granted.

**BACKGROUND**

Plaintiff Fidelity and Guaranty Life Insurance Company ("Fidelity") brought this declaratory judgment suit concerning a life insurance policy for defendant Debra Payne and her late husband, Mervyn Payne. In the First Amended Complaint (the "Complaint"), Fidelity seeks a declaration that the life insurance policy failed to take effect and that, accordingly, defendant is not entitled to payment of the death benefit under the policy.

The complaint alleges the following facts, which defendant has admitted in her answer. On August 24, 2001, Debra and Mervyn Payne completed and signed a Group Life Insurance Application (Short

14

Form) (the "Application") for a "HomeCertain" life insurance policy from Fidelity. The Application included a medical questionnaire, which specifically inquired about applicants' health status regarding cancer: "Within the past 10 years, has any person proposed to be insured been treated for or diagnosed by a physician or other health care professional as having: . . . [c]ancer, cyst or tumor?" (Complaint, Ex. A, Application, Question 7(b).) The Paynes answered this question by marking the "No" circle. The Application also contained the following relevant language:

> I have read the questions and answers on this application. The statements made in this application are: complete; true; and correctly recorded. I agree that: a copy of this application will form a part of any certificate issued under the Group Policy; and that no agent can pass on insurability or modify any certificate issued by the Company. <u>I also agree that, except as provided in this application's Receipt, if issued, no insurance will take effect unless and until both of the following conditions are satisfied during each proposed insured's lifetime and while each proposed insured's health is as stated in this application: (1) this certificate is delivered to and accepted by the Owner; and (2) the full initial premium for the mode of payment chosen is paid at our Home Office.</u>

(Complaint, Ex. A, Application, Authorization (emphasis added).)

Fidelity issued a life insurance policy (the "Policy") to Mervyn Payne. The certificate indicates that the date of issue was September 3, 2001. (Complaint, Ex. B, Policy, at 3.) The Policy specifically incorporates the Application submitted by the Paynes as part of the contract of insurance. (<u>Id.</u> at 6.) The Paynes'

insurance broker, Bernard Andrews, delivered the Policy to them on September 29, 2001.

On September 10, 2001, more than two weeks before the Policy was delivered, Mervyn Payne was diagnosed with esophageal cancer. On March 26, 2002, Mr. Payne died as a result of his cancer. Debra Payne then made a claim upon Fidelity for the life insurance proceeds under the Policy due to Mr. Payne's death. On October 14, 2002, counsel for Ms. Payne threatened suit against Fidelity should it refuse to pay the death benefit under the Policy. Subsequently, Fidelity brought this action for declaratory relief.

Fidelity now moves for judgment on the pleadings.

## DISCUSSION

### A. Judgment on the Pleadings

In at least two situations, both of which are the case here, the court reviews a 12(c) motion under the same standard as a motion for summary judgment. First, as Rule 12 itself makes clear, when matters outside the pleadings are presented to and not excluded by the court, a 12(c) motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(c); Church v. General Motors Corp., 74 F.3d 795, 796 (7th Cir. 1996). Second, if a 12(c) motion appears to be aimed at "dispos[ing] of the case on the basis of the underlying substantive merits," the appropriate standard of review "is that applicable to summary judgment, except that the court may consider only the contents of the pleadings."

Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993); see also Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 177 n.2 (7th Cir. 1986) (noting that "[l]ike the summary judgment procedure, a motion under Rule 12(c) is directed towards a final judgment on the merits"). In either of these situations, the court will not grant a motion for judgment on the pleadings unless no genuine issues of material fact remain to be resolved and the moving party is entitled to judgment as a matter of law. See National Fid. Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987).

Fidelity contends that judgment on the pleadings is warranted because Mr. Payne did not satisfy what Fidelity deems the "good health upon delivery" condition of the Policy (the underlined portion of the Policy excerpt quoted supra). According to Fidelity, because Mr. Payne's health was not "as stated in th[e] application" upon delivery of the Policy, the insurance never took effect.

We agree with Fidelity. The plain language of the Policy required that, in order for the insurance to take effect, the Policy be delivered to Mr. Payne while his health was "as stated" in the Application. In the Application, Mr. Payne represented (truthfully) that he had not been treated for or diagnosed with cancer. After completing the Application, but before delivery of the Policy, he was diagnosed with cancer. Therefore, upon

delivery, his health was not as stated in the Application, and this condition precedent to the insurance taking effect was not satisfied.[1]

Defendant argues that we should deny Fidelity's motion as "premature" because "[t]here are several relevant factual issues that are currently unknown." (Defendant's Memorandum at 3-4.) These issues, defendant asserts, are the following: whether a receipt was given to the Paynes when they signed the Application; when Fidelity sent the Policy to the brokerage firm of the agent, Mr. Andrews, for delivery; and when the Policy was received by Mr. Andrews or his firm, or when he was notified that the Policy was ready for delivery.

The questions regarding when Fidelity sent the policy to Mr. Andrews or notified him that the policy was ready for delivery would be relevant only if the Policy specified a certain time frame for delivery. It did not. Defendant argues that an insurance company is estopped from denying coverage where a delay in delivery is unreasonable, but fails to cite any Illinois cases applying a "reasonable time rule."

---

[1] Thus, our conclusion is based on the language of the Policy. Plaintiff relies on Kioutas v. Life Insurance Co. of Virginia, 35 F. Supp. 2d 616 (N.D. Ill. 1998), in which the district court granted summary judgment for an insurer because the insured was diagnosed with lung cancer before the policy was delivered. Kioutas, of course, supports our holding. It does not, however, "control the outcome of" the instant case as defendant argues; rather, the plain language of the Policy controls.

The issues regarding the timing of the delivery of the Policy to Mr. Andrews and then to the Paynes are not relevant. Any delay in delivery caused by Mr. Andrews cannot be attributed to Fidelity because he was the Paynes' agent, not Fidelity's agent. This is clear from both the affidavits of Mr. Andrews and Mrs. Payne. Mr. Andrews is an independent insurance agent; the Paynes initiated contact with him by responding to a mail solicitation from him; and the Paynes selected Fidelity's policy after considering a variety of other companies' life insurance products. (Defendant's Memorandum, Ex. A, Affidavit of Debra Payne, ¶¶ 2-3; Ex. B, Affidavit of Bernard Andrews, ¶¶ 1-4.) See Kioutas v. Life Ins. Co. of Virginia, 35 F. Supp. 2d 616, 620-21 (N.D. Ill. 1998) (broker was agent for insured where he was an independent broker, the insured had initiated contact with him, and he assisted the insured in obtaining the best available policy from a number of companies). Because Mr. Andrews was not Fidelity's agent, defendant's argument that he had a legal duty to inquire about Mr. Payne's health upon delivery of the Policy is without merit.

We reject defendant's contention that additional discovery is required to determine whether the Paynes were given a receipt when they signed the Application. This is a fact within defendant's knowledge, not Fidelity's, and it is not necessary for defendant to conduct discovery to obtain the answer to this question. Given that the complaint was filed in November 2002, defendant has had an

adequate opportunity to find out. If the Paynes were given a receipt, and if it had some kind of provision that affected or modified the "good health upon delivery" condition precedent, defendant would know it by now and would have brought it to our attention.

Defendant's argument that the policy became effective when it was received by Mr. Andrews' brokerage firm is also without merit. The only Illinois case that defendant cites for this proposition, Massachusetts Mutual Life Insurance Co. v. O'Brien, 841 F. Supp. 861, 863 (C.D. Ill. 1994), noted in dicta that an agent's possession of an insurance policy after paying the first premium on the policy could have amounted to constructive delivery of the policy under Illinois law. The case is distinguishable for two reasons: the agent was that of the insurer, not the insured; and the agent herself had paid the first premium for the insured, without his knowledge.

Finally, we also reject defendant's assertion that the Policy was ambiguous. The fact that the Policy bore a "date of issue" of September 3, 2001 does not conflict with the "good health upon delivery" requirement.

**B. Attorney's Fees**

In its complaint for declaratory relief and in its motion, Fidelity requests its costs and attorney's fees incurred in bringing this action. Fidelity fails to identify any statutory or

contractual basis for such an award. Its request is therefore denied.

**CONCLUSION**

Defendant's motion for judgment on the pleadings is granted.

DATE: September 10, 2003

ENTER:

John F. Grady, United States District Judge